UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAUNNA B. BURCH, | No. 2:14-CV-299-LRS |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT,** *INTER ALIA* |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 11) and the Defendant's Motion For Summary Judgment (ECF No. 13).

## JURISDICTION

Shaunna B. Burch, Plaintiff, applied for Title II Disability Insurance benefits on October 30, 2011. The application was denied initially on January 4, 2012, and on reconsideration on April 4, 2012. Plaintiff timely requested a hearing and one was held on May 15, 2013, before Administrative Law Judge (ALJ) R.J. Payne. Plaintiff, represented by counsel, testified at this hearing. Thomas McKnight, Jr., Ph.D. testified as a medical expert. ALJ Payne rendered an unfavorable decision on June 14, 2013. The Appeals Council denied a request for review and the ALJ's decision became the final decision of the Commissioner. This decision is appealable to district court pursuant to 42 U.S.C. §405(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 1**

**STATEMENT OF FACTS**

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the hearing, Plaintiff was 58 years old. Though her testimony is conflicting, at best, Plaintiff attended high school until the 11th grade without graduating, does not have a GED, and has past relevant work experience as a home healthcare aide. Plaintiff alleges disability beginning September 25, 2009.

**STANDARD OF REVIEW**

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in not finding her disabled by: 1) finding her testimony not credible based on his own unsupported inferences and presumptions instead of "substantial evidence," and (2) engaging in an incorrect analysis regarding the Plaintiff's supposed substance abuse.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or

combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

**ALJ'S FINDINGS**

At Step One, the ALJ found the Plaintiff was not engaged in "substantial gainful activity" since the alleged onset date of September 25, 2009. At Step Two, the ALJ found the Plaintiff suffers from several severe impairments: alcohol abuse, marijuana abuse, depressive disorder, anxiety disorder, GERD (gastroesophageal reflux disease), and asthma. At Step Three, he found the "[Plaintiff's] impairments, including the substance abuse disorders, meet sections 12.04 [Affective Disorders] and 12.09 [Substance Addiction Disorders] of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.2520(d)." The ALJ determined that Plaintiff's residual functional capacity–should she stop her substance abuse–was sufficient to allow her to perform a full range of work at all exertional levels, but with the following non-exertional limitations: the Plaintiff should

avoid concentrated exposure to dusts, gases, chemicals, and poorly ventilated areas. Furthermore, she should avoid concentrated exposure to extreme cold and hot temperatures. The ALJ determined that Plaintiff is capable of simple routine tasks and detailed tasks.  At Step Four, the ALJ found Plaintiff has the residual functional capacity to perform the requirements of her past relevant work as a home healthcare aide.  The ALJ closed by determining that:

> [T]he substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use.... Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

(Tr. at p. 20).

**CREDIBILITY**

An ALJ can only reject a plaintiff's statement about limitations based upon a finding of "affirmative evidence" of malingering or "expressing clear and convincing reasons" for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1283-84 (9th Cir. 1996).  "In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapeytan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  See also *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002)(following factors may be considered:  1) claimant's reputation for truthfulness;  2) inconsistencies in the claimant's testimony or between her testimony and her conduct; 3) claimant's daily living activities; 4) claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition).
///
///
///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 5**

**A.     ALJ Payne properly assessed that Plaintiff's testimony was not credible due to the numerous inconsistencies in her testimony**

Although ALJ Payne gave five reasons for discounting Plaintiff's credibility, the only reason that passes the "clear and convincing reasons" standard[1] is the Plaintiff's inconsistent testimony. As noted by the Social Security Rules, "[o]ne strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." SSR 96-7p. Furthermore, when a plaintiff fails to be a "reliable historian, [by] presenting conflicting information about his drug and alcohol use," "this lack of candor carries over" to other portions of his or her testimony. *Thomas*, 278 F.3d at 959.

Here, the Plaintiff's testimony was inconsistent and frequently contradictory on several key issues. Regarding her alcohol usage, Plaintiff Burch reported that she seldom uses alcohol, that she has not consumed alcohol in five years, that she does not drink, and that she consumes alcohol once every five months. (Tr. at p. 13). Describing her cannabis use, Plaintiff reports that she uses marijuana, that she has not used illicit drugs in nineteen to twenty years, and that she smokes marijuana in the evenings to help her sleep. (*Id.*). Finally, Plaintiff's account of her educational history and academic capabilities is equally inconsistent. She

---

[1]Defendant argues that the "clear and convincing" standard is not the correct standard of review, but rather, the court should apply the "substantial evidence" standard. The Ninth Circuit has routinely upheld the use of the "clear and convincing" standard, so it will be employed here. *See e.g. Smolen v. Chater*, 80 F.3d 1273 (9th Cir.1996); *Burwell v. Colvin*, 2014 WL 7398892 (9th Cir. Dec. 31, 2014); *Tully v. Colvin*, 943 F. Supp. 2d 1157 (E.D. Wa. 2013); *Spurlock v. Colvin*, 2015 U.S. Dist. Lexis 50401 (C.D. Cal 2015).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 6**

states she only completed grade school and that she made it through to the 11th grade, while also testifying that she did not pursue a GED because she does not understand words, [cite], but also that she searches the internet to educate herself on the side effects of various medications, (Tr. at p. 19). This is a "tacit acknowledgment of being able to understand complex words." (*Id*.). These precisely noted, salient inconsistencies are sufficiently "clear and convincing" to warrant discounting Plaintiff's credibility.

### B. The remainder of ALJ Payne's reasons for discounting Plaintiff's testimony, however, are not sufficiently grounded in the record.

ALJ Payne listed four additional reasons for doubting the accuracy of Plaintiff Burch's testimony: (1) she was not taking her prescribed medications because she alleged she could not afford them, yet she purchased drugs, cigarettes, and alcohol; (2) she did not submit evidence that she exhausted all other community healthcare options before pursuing social security benefits; (3) she could not satisfactorily account for how she spends her time; and (4) that Plaintiff filed for state unemployment benefits is inconsistent with her claim of disability under the Social Security Act. These reason fail to meet the "clear and convincing standard" because the inferences that ALJ Payne made to reach his ultimate conclusions are too far removed from evidence in the record.

    1.   <u>The ALJ's finding that Plaintiff's alleged substance abuse is material to her inability to afford medications is without support in the record</u>

///
///

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7**

ALJ Payne found Plaintiff was not credible because "she blames medication noncompliance on financial issues. However, the claimant is able to buy marijuana, cigarettes and alcohol." (Tr. at p. 19). But, as the ALJ admits, "the claimant's financial circumstances have not been documented," (*id*.), nor has the approximate amount of her alleged expenditures on drugs, alcohol, and cigarettes. There is also nothing in the record regarding the cost to the Plaintiff of complying with the recommended medical prescriptions, although it is documented she is uninsured. (Tr. at p. 49). It is quite possible–given the common knowledge that prescription medication is quite expensive–that the Plaintiff's spending on medication could greatly surpass her alleged spending on drugs, alcohol, and cigarettes; or that it would not be sustainable even without the purchase of such substances. Regardless, there is not sufficient information in the record for an adjudicator to make either determination.

### 2. The ALJ incorrectly found that Plaintiff's credibility was diminished because she failed to submit evidence that she exhausted all community treatment options

SSR 82-59 states that a justifiable cause for failure to follow prescribed treatment exists includes the following:

> The individual is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable. Although a free or subsidized source of treatment is often available, the claim may be allowed where such treatment is not reasonably available in the local community. All possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored. Contacts with such resources and the claimant's financial circumstances must be documented.

The ALJ has a responsibility to develop the record, *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006), and ensure that a claimant's interests are

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 8**

considered, *Tonapetyan*, 242 F.3d at 1150.  It is not the Plaintiff's responsibility to provide sufficient documentation that she exhausted *all* sources of community treatment. The ALJ did little to investigate whether the Plaintiff sought other free services available in the community.  (*See* Tr. at p. 49 where ALJ Payne inquires only about Plaintiff's attempts to seek state unemployment benefits). Accordingly, Plaintiff's failure to submit evidence that she exhausted all community treatment options is not a "clear and convincing reason" for discounting her credibility.

### 3. The ALJ's appraisal of the manner in which Plaintiff Burch spends her time is based on his unsubstantiated opinion

ALJ Payne also found that Plaintiff was not credible because "the activity level, or lack thereof, reported by the claimant is not a reasonable assessment of what an individual would do during 15 waking hours."  (Tr. at p. 19). While an ALJ is allowed to consider a plaintiff's "daily living activities" when determining her credibility, *Thomas*, 278 F.3d at 958, these determinations are not an appraisal of whether a plaintiff can sufficiently account for her time, bur rather, whether the activities she reports are consistent with an individual claiming disability. *See e.g.*, *Rollins v. Massanari*, 261 F. 853, 857 (9th Cir. 2001) (finding it is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir 1989); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (commenting that it is well established that a claimant need not "vegetate in a dark room" in order to be eligible for benefits). Considering that Plaintiff's characterization of her daily activities–minimal physical exertion and frequently losing track of the chore she is attempting to complete, [cite]–are consistent with

///

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9**

the disabilities she claims, ALJ Payne's finding that she cannot account for her "waking hours" is not a sufficient reason to discount her credibility.

### 4. ALJ Payne incorrectly found that Plaintiff's filing for state unemployment benefits is inconsistent with a claim of disability

Although, "receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime," applying for unemployment benefits is not necessarily inconsistent with applying for social security disability because applying for state benefits does not require that the plaintiff apply for full-time work. Rather it allows the plaintiff to apply for full-time or part-time positions. Only the former is inconsistent with claims for social security disability. See *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir 2008). It is the ALJ's responsibility to make the inquiries necessary to determine whether the claims are consistent. *Id*.

ALJ Payne discounted the Plaintiff's credibility because she was claiming state unemployment benefits during the same period she was claiming disability under social security. The ALJ argued that "[r]eceiving such benefits is an admission the claimant is willing and able to work." (Tr. at p. 19). The Plaintiff argues that, "[i[n making this finding, the ALJ equated Plaintiff's attestation that he [*sic*] could perform work (required by the State of Washington) with an ability to sustain work activities on a regular and continuing basis. Only the latter is inconsistent with an allegation of disability." (Pl.'s Mot. S.J. 13:8). The record does not contain evidence that the Plaintiff claimed she was capable of doing full-time work; therefore, the inference ALJ Payne drew is not founded in the record.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

**MATERIALITY OF SUBSTANCE ABUSE**

The Commissioner of Social Security promulgates rules that guide claims adjudicators in determining when a claimant has a substance use disorder and whether it is material to his or her disability. First, "adjudicators must have objective medical evidence–that is signs, symptoms, and laboratory findings–from an acceptable medical source that supports a finding that a claimant has DAA [Drug Addiction and Alcoholism]." SSR 13-2P 8. b. i., 2013 WL 621536 at *10. The acceptable medical source may also consider any records or other information...he or she has available, but we must still have the source's own clinical or laboratory findings." *Id*. Evidence that only shows the Plaintiff "uses drugs or alcohol does not in itself establish the existence of a medically determinable substance use disorder." SSR 13-2P 8. b. ii., 2013 WL 621536 at *10. Furthermore, certain types of evidence–most notably self-reported drug use, DUI convictions, and the testimony of third parties–cannot alone be used to determine that the claimant has a substance abuse disorder. *Id*. Even if the adjudicator properly determines that the claimant has DAA, he or she is not permitted to conclude that it is material to the claimant's disability if relying "exclusively on medical expertise and the nature of the claimant's mental disorder." SSR. 13-2P 7. b., 2013 WL 621536 at * 9.

ALJ Payne's finding that Plaintiff Burch suffers from a substance abuse disorder is not supported by substantial evidence. The record contains three sources that report the Plaintiff's substance use: (1) her own admissions that she occasionally consumes alcoholic drinks and smokes marijuana,; (2) Exhibit 11F that contains her estranged husband's report to a medical provider that Plaintiff gets "worked up" when she drinks; (3) the report of a crisis hotline operator to a provider that it sounded as if the Plaintiff was taking "swigs off of a bottle of

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 11**

alcohol" when the operator was on the telephone with Plaintiff, (4) a diagnosis of a substance abuse problem; and (5) the testimony of Dr. McKnight. None of these sources, however, properly substantiate that the Plaintiff has DAA.

That the plaintiff admits to occasional alcohol and marijuana consumption fails to substantiate that she has a substance abuse problem and is not to be considered when determining the presence of DAA. SSR 13-2P 8. b. i.. The ALJ is similarly barred from using the testimony of the Plaintiff's husband and the hotline operator regarding Plaintiff's alleged alcohol use because they are third party reports. *Id.* Exhibit 11F does diagnose Plaintiff Burch with alcohol dependence, but, it provides no explanation for the diagnosis and notes that "[client] reports that she has not abused ETOH [alcohol] for 10 yrs." (Tr. at p. 498). Furthermore, Exhibit 11F only documents Plaintiff's substance use through the reports from her husband and the crisis hotline operator and when the Plaintiff was honest about her DUI conviction. *Id*.

Instead of bolstering ALJ Payne's findings, Dr. McKnight's testimony at the administrative hearing reinforces the lack of support in the record for finding that the Plaintiff has a substance use issue:

> Q [Plaintiff's Representative]: Just some comments regarding the alcohol abuse and the records cited in 11F. There are some–there's a note qualifier that the claimant reports that she has not abused alcohol for 10 years and a report's use of one drink very five months. Would that type of use still rise to the level of alcohol abuse?
>
> A [McKnight]: Well, you wouldn't think so, except a treating agency has diagnosed her with an alcohol related problem, so they've got more information apparently than I have or that's in the print record and her spouse indicates that that's systematic –not systematic, but her spouse indicates that's a problem for her.

(Tr. at p. 36).

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 12**

Dr. McKnight's testimony corroborates that absent the single report of alcohol abuse in Exhibit 11F, there is insufficient information in the record to determine that Plaintiff has substance abuse issues. Additionally, Exhibit 11F is silent regarding the effects of Plaintiff's cannabis use.  Therefore, ALJ Payne's finding that Plaintiff's substance use disorder is linked to cannabis use is without a basis in the record.

In finding that Plaintiff Burch's alleged substance use was material to her disability, the ALJ gave "[s]ignificant weight to the opinion stated by Dr. McKnight who opined the claimant does not have a severe mental health impairment absent substance abuse." (Tr. at p. 20).  Dr. McKnight testified that "the known impact of cannabis and alcohol" contributes to the Plaintiff's difficulty in maintaining normal social functioning, concentration, and "pace." (Tr. at p. 34).  Dr. McKnight, however, is the only individual on the record who concludes that the Plaintiff's alleged substance abuse is material to her disability. Therefore, ALJ Payne's conclusion that the Plaintiff's substance use is material to her disability runs afoul of the requirement that his findings be based on "signs, symptoms, and laboratory findings," and not "exclusively on medical expertise."

## CONCLUSION

There is not substantial evidence supporting the ALJ's conclusion that Plaintiff's substance use constitutes DAA which is  material to her alleged disability.  Accordingly, the Commissioner's decision is **REVERSED** and pursuant to sentence four of 42 U.S.C. §405(g), this matter is **REMANDED** to the Commissioner for additional proceedings and/or findings consistent with this order.

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 13**

| | |
|---|---|
| 1 | Plaintiff's Motion For Summary Judgment (ECF No. 11) is **GRANTED** and |
| 2 | Defendant's Motion For Summary Judgment (ECF No. 13) is **DENIED**. An |
| 3 | application for attorney fees may be filed by separate motion. |
| 4 | **IT IS SO ORDERED.** The District Executive shall enter judgment |
| 5 | accordingly and forward copies of the judgment and this order to counsel of |
| 6 | record. |
| 7 | |
| 8 | **DATED** this ___4th___ of August, 2015. |

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 14**